U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 08 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARREN E. COUSAN, JR.(#476791) | DOCKET NO. 15-CV-2338; SEC. P |
| VERSUS | JUDGE DRELL |
| TIMOTHY KEITH, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Darren E. Cousan, Jr., filed the instant civil rights complaint (42 U.S.C. § 1983) on September 4, 2015. He was granted leave to proceed *in forma pauperis* on October 16, 2015. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He complains that he was subjected to excessive force, and he names as defendants Warden Timothy Keith, Officer Braswell, Sergeant Dikey, and Captain Maxwell.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that on September 14, 2014, at 11:00 p.m., he left D1-Birch tier and began to talk with the key officer, Ms. Brown. Plaintiff began "singing and dancing for the officer." (Doc. 1, p.3). Brown notified Officer Braswell, Cpt. Maxwell, and Sgt. Dikey of Plaintiff's behavior and asked them to subdue Plaintiff. (Doc. 8). Plaintiff states that he allowed the officers to handcuff him. On the way to the infirmary, Cpt. Maxwell picked Plaintiff up

and slammed him to the ground multiple times. (Doc. 8, p.1). Plaintiff claims that Cpt. Maxwell slammed Plaintiff's head, rendering him unconscious for thirty minutes and resulting in "broken teeth and busted lips" as well as bruises and abrasions to Plaintiff's head. (Doc. 8, p.1). He also suffered scraped knees, elbows, and feet, and a "busted" shoulder. (Doc. 8, p.2).

Plaintiff alleges that on September 15, 2014, he made a medical emergency call due to headache and dizziness. He received three drug tests, which were all negative. He received a one-month prescription of headache medication.

According to the response to his grievance, Plaintiff was running and jumping around the unit and fell to the ground head first.

### Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be

granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. Facial plausibility "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). There must be more than a mere possibility that a defendant has acted unlawfully. See Twombly, 550 U.S. at 556.

Plaintiff has not presented factual allegations in his original or amended complaints of excessive force by Defendants Braswell or Dikey. He only claims that he was physically injured by the actions of Captain Maxwell. Thus, he has not stated a plausible claim against Braswell and Dikey.

Plaintiff also named the warden as a defendant. Because vicarious liability[1] is inapplicable to § 1983 suits, a plaintiff

---

[1] Liability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) based on the relationship between the two parties. LIABILITY, Black's Law Dictionary (10th ed. 2014).

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See Iqbal, 556 U.S. 662, 676 (2009). Plaintiff has not presented any factual allegations of involvement by Warden Keith. Thus, he has failed to state a claim against the warden.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) and 1915A as to Warden Timothy Keith, Officer Braswell, and Sergeant Dikey.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 8th day of January, 2016.

Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge

5